UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DARRELL L. GIBSON,

Petitioner,

v.

ROB MUNDNT, Warden,

Respondent.

Civil No. 01-1178 (JRT/FLN)

**ORDER**

Petitioner, a prisoner at the Federal Correctional Institution in Waseca, Minnesota, ("FCI-Waseca"), commenced this action by filing a petition seeking habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) Petitioner did not tender any filing fee with his petition, but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The matter has been referred the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

Petitioner claims that the federal Bureau of Prisons, ("BOP"), has assigned him a "Public Safety Factor," ("PSF"), that he does not deserve. Petitioner has not explained the significance of the BOP's allegedly wrongful action, but it appears that his PSF could affect the conditions of his imprisonment and/or his status upon being released from prison. There is, however, no suggestion that the Petitioner's PSF will have any direct bearing on the expected length of his current prison term.

Although Petitioner has attempted to bring his claims in a habeas corpus action, habeas corpus is not an appropriate remedy for the claims he is trying to assert here. Federal habeas corpus relief is available only for prisoners who are challenging the fact

FILED JUL 06 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED
DEPUTY CLERK'S INITIALS

or duration of their confinement. Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Otey v. Hopkins, 5 F.3d 1125, 1130-31 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994). As our Court of Appeals has clearly and succinctly explained –

> "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. [Citation omitted.]... Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ."

Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).

In this case, Petitioner is not challenging the validity of either his conviction or his sentence. He expressly acknowledges that -- "I am not questioning the legality of detention. I am protesting the illegally imposed conditions of my confinement. (Petition, [Docket No. 1], p. 5, ¶ 12.) According to Kruger, a writ of habeas corpus is simply not available here, because Petitioner is challenging only the conditions of his confinement, not the fact or duration of his confinement.

This is not to say, however, that there are no legal remedies of any kind for the claims that Petitioner is attempting to assert. If he believes that his rights under federal law or the Constitution have been violated, he may be able to seek relief in a traditional civil action -- i.e., a non-habeas action. He might be able to bring claims under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), against any individual(s) who allegedly violated his federal constitutional rights while acting under color of federal law.

Under certain circumstances, it might even be possible to construe a habeas corpus petition as a civil complaint seeking some other (non-habeas) form of relief. See e.g., Graham v. Broglin, 922 F.2d 379, 381-82 (7th Cir. 1991). It would not be appropriate to attempt to do that here, however, for several reasons.

First, Petitioner has not paid the $150 filing fee for a non-habeas civil action. Moreover, his IFP application cannot be granted at this time, because he has not complied with the applicable provisions of the Prison Litigation Reform Act, ("PLRA").

Because Petitioner is a prisoner, his IFP application is subject to the requirements enacted by the PLRA and codified at 28 U.S.C. § 1915(b). That statute provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . .

> (4) In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

(Emphasis added.)

According to this statute, prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

The PLRA also specifically requires that prisoners seeking IFP status must submit not only the normal affidavit in support of their claim of indigence, (which is required of all IFP applicants pursuant to § 1915(a)(1)), but also "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint... obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2) (emphasis added). Certified trust account information is required so the Court can determine the amount of the initial partial filing fee the prisoner will have to pay pursuant to § 1915(b)(1). In this District, prisoners can satisfy the requirement of § 1915(a)(2) by submitting the IFP

application form prescribed for use in this District, provided that the "certificate" portion of the application form is completed and signed by an appropriate prison official.

In the present case, Petitioner has not complied with the requirements of § 1915(a)(2), because his IFP application does not include a certified statement showing the average monthly deposits to his prisoner trust account during the past six months. Without such information, the Court is unable to determine the amount of the initial partial filing fee that Petitioner will have to pay before his action can go forward. To correct this deficiency, Petitioner should submit a new IFP application on the form currently prescribed for use in this District.[1] That application, including the "certificate" portion of the form, must be properly completed, signed by an appropriate prison official, and filed with the Court.

In addition to filing a new IFP application, Petitioner will also have to remit his initial partial filing fee to the Clerk of Court. According to § 1915(b)(1), (quoted above), that fee will be twenty percent (20%) of the greater of (A) the average monthly deposits to Plaintiff's account; or (B) the average monthly balance in his account, during the 6-month period immediately preceding the filing of the complaint. No further action will be taken in this matter until the statutorily prescribed initial partial filing fee has been paid to the Clerk of Court.

Furthermore, even if Petitioner had filed a proper IFP application and paid his initial partial filing fee, it still would not be appropriate to attempt to "convert" the current petition into a non-habeas civil complaint, because the petition does not clearly indicate the nature of any civil (non-habeas) claims that Petitioner might be attempting to bring, or who

[1] The prescribed IFP form is available from the Clerk of Court upon request.

allegedly should be liable with regard to such claims.[2]

Thus, the petition will be returned to Petitioner pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases In The United States District Court,[3] and Petitioner will be granted leave to file an entirely new pleading to be entitled "Civil Complaint." If he elects to file such a complaint, he will have to follow the pleading requirements set forth at Fed. R. Civ. P. Rules 8-11. In addition, if Petitioner attempts to bring a civil rights action, (i.e., a Bivens action), he will have to submit his pleading on the complaint form prescribed for prisoner civil rights actions filed in this District. See Local Rule 9.3.[4] Finally, Petitioner should note that if he does elect to pursue his current claims by filing a new complaint, his new pleading will be subject to preliminary screening to determine whether it states a cause of action on which relief may be granted. See 28 U.S.C. § 1915A.

If Petitioner elects to proceed with this action, he must satisfy all of the requirements of this Order by no later than July 31, 2001. If he fails to do so, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(b).

---

[2] Petitioner has named the Warden at FCI-Waseca as the "respondent" in his habeas petition. Although the Warden would be the proper respondent if this were a true habeas case, (because the Warden is Petitioner's "custodian"), it is not clear that the Warden would be the proper defendant (or the only defendant) for whatever civil rights claims Petitioner might attempt to bring.

[3] Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to other post-conviction proceedings as well. See Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

[4] The prescribed form is available from the Clerk's Office upon request.

Based upon all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Pursuant to Rule 2(e) of The Rules Governing Section 2254 Cases in the United States Districts Courts, the Clerk of Court shall return the original habeas corpus petition, (Docket No. 1), to Petitioner, and retain a copy of such petition in the Court file as required by Rule 2(e);

2. Petitioner is granted leave to file a new pleading in this action, to be entitled "Civil Complaint," which shall comply with the pleading requirements prescribed at Fed. R. Civ. P. Rules 8-11 and Local Rule 9.3;

3. If Petitioner elects to file a Civil Complaint in this action, his new pleading must be accompanied by either (a) the statutory filing fee for bringing a civil action in federal court -- namely $150, or (b) a properly completed application for leave to proceed in forma pauperis, together with the initial partial filing fee prescribed by 28 U.S.C. § 1915(b)(1); and

4. If Petitioner has not complied with all of the requirements of this order by July 31, 2001, it will thereafter be recommended that this action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Dated: July 5, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge